IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02156–PAB–KMT

LITA ENCINA, spouse of John Encina, deceased,

    Plaintiff,

v.

HEAT AND CONTROL, INC., a California corporation,

    Defendant.

---

**ORDER**

---

This matter is before the court on an "Unopposed Motion to Intervene as a Plaintiff" by Travelers Indemnity Company. (Doc. No. 15, filed 2/4/2011.) Travelers seeks to intervene as a plaintiff in this action. Neither Plaintiff Encina nor Defendant Heat and Control, Inc. oppose the intervention. Travelers has attached a proposed Complaint for Intervention to its motion, which sets out Travelers' claims or defenses. (Doc. No. 15-1.)

Federal Rule of Civil Procedure 24(a) dictates when a party must be permitted to intervene as of right. Rule 24(a) allows intervention as of right if (1) the application is timely; (2) the movant claims an interest related to the property or transaction which is the subject of the action; (3) the movant's interest may be impaired or impeded; and (4) the movant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co., Inc.*, No.

08-6267, 2009 WL 3739424, at *3 (10th Cir. 2009) (summarizing requirements of Rule 24). "Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion to intervene as a matter of right." *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984) (citing *Nat'l Ass'n for Advancement of Colored People v. New York,* 413 U.S. 345, 369 (1973)).

Under Rule 24(a)(2), the intervenor must "claim[ ] an interest relating to the property or transaction which is the subject of the action . . . ." While Rule 24(a) does not specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971) (*superseded by statute on other grounds*).  The Tenth Circuit requires that the interest be "'direct, substantial, and legally protectable.'" *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001)(quoting *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996)).

The court finds that intervention is warranted in this case.  Travelers has paid benefits under the Workers' Compensation Act in relation to the injury and death of Plaintiff's deceased spouse, which form the basis of this action.  Travelers seeks to intervene to exert subrogation rights with regard to the benefits.  There is no indication that Travelers' motion is untimely and Travelers clearly satisfies the remaining requirements of Rule 24(a)(2).

THEREFORE, it is

ORDERED that Proposed Intervenor Travelers Indemnity Company's "Unopposed Motion to Intervene as a Plaintiff" (Doc. No. 15) is GRANTED. The Clerk of Court is instructed to accept for filing the proposed "Complaint for Intervention." (Doc. No. 15-1.)

Dated this 11th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge